UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH WEBB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  4:10CV758 RWS |
| | ) | (TIA) |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  The case was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(c).

## I.  Procedural History

On November 21, 2003, a jury found Petitioner guilty of one count of the class A felony of assault in the first degree, one count of the class B felony of assault in the first degree, two counts of armed criminal action, one count of the class A felony of unlawful use of a weapon, and one count of leaving the scene of a shooting.  (Legal File, Resp't's Ex. C 56-61; Order, Resp't's Ex. E)  The Circuit Court of the City of St. Louis, Missouri, sentenced Petitioner to consecutive life sentences for the class A assault, the two counts of armed criminal action, and the unlawful use of a weapon convictions.  (Legal File, Resp't's Ex. C 74-78)  The trial court further imposed a consecutive fifteen-year sentence for the class B assault conviction and time served for leaving the scene of a shooting.  (Id.)

Petitioner filed a direct appeal, and on May 17, 2005, the Missouri Court of Appeals affirmed the lower court's judgment.  (Order, Resp't's Ex. E)  Petitioner then filed a motion and

an amended motion for post-conviction relief under Missouri Supreme Court Rule 29.15.  (Legal

File, Resp't's Ex. H 4-30, 36-52)  On September 26, 2008, the trial court entered its Findings of

Fact, Conclusions of Law, Order and Judgment, denying Petitioner's amended motion for post-

conviction relief.  (Id. at 58-69)  The Missouri Court of Appeals affirmed the judgment denying

Petitioner's Rule 29.15 motion on November 10, 2009.  (Order, Resp't's Ex. K; Webb v. State,

297 S.W.3d 137 (Mo. Ct. App. 2009))  On April 28, 2010, Petitioner filed the present petition for

a writ of habeas corpus in federal court.

## II.  Factual Background

The Court sets for the following facts as determined by the state post-conviction court:

Petitioner was a member of a group that planned to commit a drive-by shooting in St. Louis

City.  Petitioner and his accomplices could not find the intended target.  However, while the group

was driving, police officers attempted to stop the car, a white Cadillac, for a traffic violation.

Petitioner and his accomplices fled, and the officers followed in pursuit.  Petitioner then open fired

from the fleeing Cadillac with an assault rifle.  At some point, Petitioner and the others left the

vehicle, and, as the officer approached, fired at the police car.  Officer Knese was wounded, and at

least one of his wounds was caused by a rifle bullet shown to be consistent with the type of rifle that

Petitioner used.  The precise cause of Officer Knese's second wound was not established at trial.

However, the only bullet fragments retrieved from Officer Knese were rifle bullets consistent with

Petitioner's assault rifle.

At trial, two co-defendants testified that Petitioner was the one firing the assault rifle.  The

officers could not identify their assailants.  The defense presented alibi testimony and also argued the

absence of DNA or other physical evidence linking Petitioner to the shooter's vehicle. The defense

additionally argued that the co-defendants lacked credibility. (Legal File, Resp't's Ex. H 59-60)

### III. Petitioner's Claims

In his petition, the Petitioner raises fourteen grounds for federal habeas relief:

(1)    Trial counsel was ineffective for failing to request a bill of particulars in order to clarify which of the two gunshot wounds sustained by Officer Knese Petitioner was accused of inflicting;

(2)    Trial counsel was ineffective for failing to argue that the charges based on Officer Knese's shooting, first degree assault, armed criminal action, and unlawful use of a weapon, constituted double jeopardy;

(3)    Trial counsel was ineffective for failing to call Arvell Coney as a witness;

(4)    Trial counsel was ineffective for calling Yvonne Jefferson as a defense witness;

(5)    Trial counsel was ineffective for failing to request a mistrial when the State "changed the elements of the original indictment" during the trial;

(6)    Trial counsel was ineffective for failing to call Perryl Watts as a witness;

(7)    Trial counsel was ineffective for failing to object to the superceding indictment filed on February 20, 2003;

(8)    Direct appellate counsel was ineffective for failing to argue that the trial court erred in allowing a second indictment to be filed 18 months after the first indictment because it was duplicitous;

(9)    The trial court erred in sentencing Petitioner on counts one and five because the charges violated Petitioner's right to be free from double jeopardy;

(10)    The trial court erred in denying Petitioner's motion for judgment of acquittal because the State presented insufficient evidence as to count five (unlawful use of a weapon);

(11)    The trial court erred in precluding defense counsel from fully cross-examining a police officer about the exact location of each bullet hole in the Chevy Corsica;

(12)     The trial court erred in overruling defense counsel's objection to the prosecutor's remark during closing argument that "there was no doubt with Instruction No. 15;"

(13)     The trial court erred in allowing an officer to speculate that the damage to the Corsica could have come from a high powered rifle bullet entering the car and fragmenting; and

(14)     The trial court erred in denying Petitioner's motion for judgment of acquittal because the State presented insufficient evidence as to counts one and three.

(Pet. 12-18, ECF No. 1; Resp. to Order to Show Cause 1-3, ECF No. 8)

In response, Respondent contends that Grounds 1, 3, 4, 5, 7, 8, and 9 are procedurally barred from federal habeas review. Respondent also argues that the remaining grounds should be dismissed because they lack merit under 28 U.S.C. § 2254(d).

## IV.  Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999).  A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court unless the adjudication:

"(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Collier v. Norris, 485 F.3d 415, 421 (8th Cir. 2007) (quoting 28 U.S.C. § 2254(d)).  Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  See also

Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

Additionally, "[t]o be eligible for federal habeas corpus relief, a state prisoner must first 'exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court.'" Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007) (quoting Middleton v. Roper, 455 F.3d 838, 855 (8th Cir. 2006)). "'If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.'" Id. (quoting Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999)). To avoid procedural default in Missouri a petitioner must present his claim at each step of the judicial process. Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012) (citations omitted).

"A state prisoner who defaults on his federal claims in state court because of a state procedural rule is barred from federal habeas [review] unless the prisoner can show cause and prejudice." Id. "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986) (citation omitted).

A habeas petitioner may also "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice requires a petitioner to establish actual innocence by presenting new, reliable evidence that he was innocent of the crime of which he was convicted. Storey v. Roper, 603 F.3d 507, 524 (8th Cir. 2010); Schlup v. Delo, 513 U.S. 298, 324 (1995). This standard compels petitioner to persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665,666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely successful because this type of evidence is usually unavailable. Id.

## V. Discussion

### Grounds One, Three, Four, Five, Seven and Eight

Respondent asserts that these grounds are procedurally barred from federal review, as Petitioner failed to present these claims to the state courts in post-conviction appellate proceedings. The undersigned agrees with the Respondent.

In grounds one, three, four, five, seven, and eight, Petitioner maintains that counsel was ineffective for failing to request a bill of particulars; failing to call Arvell Coney as a witness; failing to call Yvonne Jefferson as a witness; failing to request a mistrial after the State changed the indictment; failing to object to the superceding indictment; and failing to argue on direct appeal that the trial court erred in allowing the state to file a second, duplicitous indictment, respectively. Review of Petitioner's Rule 29.15 motion indicates that he did raise these issue in his post-conviction motion. (Legal File, Resp't's Ex. H 61) However, Respondent correctly notes that Petitioner did not advance these issues on appeal. Petitioner raised only two claims on post-conviction appeal, specifically that counsel was ineffective for failing to object to or include in the motion for new trial that trying and sentencing Petitioner for both assault in the first degree and unlawful use of a weapon violated his right to be free from double jeopardy and that counsel was ineffective for failing to call Perryl Watts as a defense witness. (Appellant's Statement, Resp't's Ex. F 14-15)

A postconviction proceeding is the exclusive procedure for pursuing ineffective assistance of counsel claims in state court. Wiggins v. Koster, No. 4:07CV1288 TCM, 2011 WL 940501, at *22 (E.D. Mo. March 16, 2011); see also Mo. S. Ct. Rule 29.15(a) and (k) (indicating the procedures for advancing claims of ineffective assistance of counsel in state trial court and on appeal). "Claims that should have been but were not presented on appeal from a denial of a postconviction motion are procedurally defaulted." Wiggins, 2011 WL 940501, at *22; see also Storey v. Roper, 603 F.3d 507, 523 (8th Cir. 2010) (finding that petitioner procedurally defaulted on his ineffective assistance of counsel claim where he failed to advance the claim on post-conviction appeal). Review of the record shows that Petitioner has not alleged cause and

prejudice for his failure to raise these claims in his post-conviction appeal, nor has he presented

new and reliable evidence demonstrating actual innocence. Therefore, grounds one, three, four,

five, seven, and eight should be dismissed as procedurally defaulted.

## Ground Nine

Likewise, Petitioner has defaulted on ground nine, in which he asserts that the trial court

erred in sentencing him on counts I and V, class A first-degree assault and unlawful use of a

weapon, because the charges violated his right to be free from double jeopardy. Respondent

argues that the claim is defaulted because, although Petitioner raised a double jeopardy claim on

direct appeal, the Missouri Court of Appeals declined to review it due to Petitioner's failure to

raise the double jeopardy issue at trial or in the motion for new trial. (Order, Resp't's Ex. E 7)

The undersigned agrees.

Federal courts will not review a state court decision on a question of federal law where the

decision rests on an independent state ground and adequately supports the judgment, regardless of

whether the state law ground is substantive or procedural. Coleman, 501 U.S. at 729. "'The

doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal

claims because the prisoner had failed to meet a state procedural requirement.'" Collier v. Norris,

485 F.3d 415, 425 (8th Cir. 2007) (quoting Coleman, 501 U.S. at 729-30)).

Here, the Missouri Court of Appeals declined plain error review and found that, because

Petitioner failed to raise his double jeopardy claim at trial and in his post-trial motion, he waived

his right to assert double jeopardy. (Order, Resp't's Ex. E 7) The court noted that, under

Missouri law, "[t]he constitutional protection to be free from double jeopardy is a personal

privilege that is waived if not raised at the proper time." (Id.) (citing State v. Williams, 46 S.W.3d 35, 40 (Mo. Ct. App. 2001)).

"If 'the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar,' a federal court is precluded from reviewing the claim." Oglesby v. Bowersox, 592 F.3d 922, 924 (8th Cir. 2010) (quoting Harris v. Reed, 489 U.S. 255, 263 (1989)) (internal quotation omitted). Further, the state practice must be firmly established and regularly followed to prevent federal review of a constitutional claim. Id. The Missouri Court of Appeals was the last court rendering judgment, and it clearly stated that Petitioner waived his right to argue double jeopardy for failing to raise the argument at the appropriate time. (Order, Resp't's Ex. E 7) Additionally, Missouri courts consistently hold that a defendant waives his constitutional right to be free from double jeopardy if he does not raise it at the proper time. See, e.g., State v. Williams, 46 S.W.3d 35, 40 (Mo. Ct. App. 2001) (stating that a double jeopardy claim is waived if not raised at the proper time); State v. Dunn, 7 S.W.3d 427, 430 (Mo. Ct. App. 1999) (same); State v. Gaver, 944 S.W.2d 273, 279 (Mo. Ct. App. 1997) (refusing to entertain double jeopardy claim where defendant failed to raise the issue in the trial court, thus waiving the claim). Therefore, the Court finds that Petitioner defaulted on his double jeopardy claim pursuant to an independent and adequate state procedural rule that is firmly established and regularly followed by the Missouri courts." Oglesby, 592 F.3d at 925. Further, as stated above, Petitioner has failed to show the requisite cause and prejudice or actual innocence to overcome the default. Accordingly, His ninth ground for habeas relief should be denied.[1]

---

[1] The undersigned notes that the Court of Appeals did address the double jeopardy issue in Petitioner's post-conviction appeal. The Court therefore also finds that ground nine lacks merit for the reasons set forth in this Court's discussion of ground two. Further, assuming that

## Ground Two

In ground two, Petitioner claims that trial counsel was ineffective for failing to argue that the charges based on shooting Officer Knese, class A first-degree assault, armed criminal action, and unlawful use of a weapon, constituted double jeopardy. On post-conviction appeal, Petitioner argued ineffective assistance of counsel for failure to argue that Petitioner's convictions for first-degree assault and unlawful use of a weapon violated his right to be free from double jeopardy. (Order, Resp't's Ex. K 3) The Missouri Court of Appeals addressed this claim and found:

> In his first point on appeal, Webb asserts he was denied his rights to due process and effective assistance of counsel because Counsel failed to object or argue in the motion for new trial that Webb's prosecution for first-degree assault (Count I) and unlawful use of a weapon (Count V) violated his right to be free from double jeopardy. The motion court did not hold an evidentiary hearing on this claim.

> . . .

> Among Webb's six convictions were convictions for first-degree assault for shooting and seriously injuring Officer Mark Knese (Count I) and for unlawful use of a weapon (Count V) for shooting at a motor vehicle, resulting in injury to Officer Knese. Webb asserts that prosecution for these crimes violated the double jeopardy clause of the U.S. Constitution and the double jeopardy provision of section 556.041(3) RSMo 2000, a statute which limits convictions for multiple offenses under certain circumstances.

---

Petitioner could claim ineffective assistance of trial counsel as cause for his failure to preserve the double jeopardy claim on direct appeal, the undersigned finds that Petitioner is unable to demonstrate cause to overcome the procedural default. Ineffective assistance of trial counsel may be cause excusing a procedural default where the petitioner has properly raised the ineffectiveness claim in state court. Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002) (citation omitted). Here, Petitioner did properly present his ineffective assistance claim to the motion court and the court of appeals. However, the Missouri appellate court rejected Petitioner's ineffective assistance of counsel claim, and, as a result, Petitioner cannot establish cause. See Reeder v. Dormire, No. 4:09CV1627 RWS, 2012 WL 3854041, at *6 (E.D. Mo. Sept. 5, 2012) (finding that petitioner could not establish cause to excuse his default because counsel did not provide ineffective assistance of counsel but employed reasonable trial strategy).

. . .

Webb first argues that his convictions and sentences for Counts I and V violated the double jeopardy clause of the U.S. Constitution because both crimes sought to punish him for the same conduct: shooting and injuring Officer Knese. We disagree.

The double jeopardy clause of the U.S. Constitution prohibits multiple punishments for the same offense. *Yates v. State*, 158 S.W.3d 798, 801 (Mo. App. E.D. 2005). "It is not a double jeopardy violation, however, to convict and punish a defendant in a single trial of several offenses arising from the same set of facts if he has in law and in fact committed separate crimes." *Id.* (internal quotations omitted). Whether the double jeopardy clause has been violated is a question of law that we review de novo. *Id.*

Webb was charged and convicted of the class A felony of first-degree assault under section 565.050 for attempting to kill or cause serious physical injury to Officer Knese by shooting him and in the course thereof causing serious physical injury to Officer Knese. Webb was also charged and convicted of the Class A felony of unlawful use of a weapon under sections 571.030.1(9) and 571.030.5(4) for shooting a firearm at a police car while within the city limits of St. Louis City, which resulted in injury to Officer Knese.

We find that Webb's convictions and sentences did not violate the double jeopardy clause of the U.S. Constitution under the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932):

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

Here, the class A felony of first-degree assault requires proof that: (1) Webb *acted with the purpose to kill* Officer Knese, *knowingly caused serious physical injury* to Officer Knese, *or acted with the purpose to cause serious physical injury* to Officer Knese; and (2) as a result of Webb's conduct, Officer Knese suffered *serious* physical injury. *See* sections 565.050.1 and 565.050.2; *State v. Whalen*, 49 S.W.3d 181, 186-87 (Mo. banc 2001). By contrast, the class A felony of unlawful use of a weapon requires proof that: (1) Webb *knowingly shot a firearm at a motor vehicle*; (2) Webb *committed the act within the City of St. Louis*; and (3) as a result of Webb's conduct, Officer Knese suffered *any sort of* physical injury. *See* sections 571.030.1(9) and 571.030.5(4). Because each offense requires proof of an additional fact which the other does not, i.e. has

different elements, they are separate offenses under the *Blockburger* test. *Yates*, 158 S.W.3d at 802. Therefore, Webb's convictions and sentences for first degree assault and unlawful use of a weapon did not violate the double jeopardy clause of the U.S. Constitution. *See id.* (finding no double jeopardy violation under two different subsections of 571.030.1 because each offense had a different element).

. . .

Webb also argues his convictions and sentences for the offenses violated the double jeopardy provision of section 556.041(3). We disagree.

Section 556.041(3) prohibits multiple convictions for offenses based on the same conduct when "[t]he offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." A person commits the class A felony of first-degree assault "if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person" and "in the course thereof . . . inflicts serious physical injury on the victim." Section 565.050.1 and 565.050.2. In contrast, a person commits the class A felony of unlawful use of a weapon if he "[d]ischarges or shoots a firearm at or from a motor vehicle . . . while within any city . . . and discharges or shoots a firearm at any person . . . or at any other motor vehicle" and such a violation "results in injury or death to another person." Sections 571.030.1(9) and 571.030.5(4).

In addressing Webb's claim, the motion court found that:

> The assault statute does not prohibit discharging a weapon generally. It prohibits attempting to kill or cause serious physical injury. The unlawful use of a weapon statute does not prohibit specific instances of assault; it prohibits using weapons in certain ways, such as by shooting at an automobile.

The motion court's findings are not clearly erroneous. Each statute intends to prohibit different conduct. Therefore, Webb's conviction and punishment under both statutes did not violate the double jeopardy provision of section 556.041(3). *See State v. Dunson*, 979 S.W.2d 237, 242-43 (Mo App. W.D. 1998) (finding no violation of the double jeopardy provision of section 556.041(3) because statutory offenses of endangering the welfare of a child and abuse of a child intended to prohibit different conduct).

. . .

Webb has failed to show that Counsel's arguments would have been upheld if made and that the failure to object and include the alleged error in the motion for

new trial resulted in a substantial deprivation of his right to a fair trial. Therefore, he is not entitled to post conviction relief on his claim. *Anderson v. State*, 196 S.W.3d 28, 38 (Mo. banc 2006).

(Order, Resp't's Ex. K 3-6)

The undersigned finds that the Missouri appellate court's determination was not contrary to, nor an unreasonable application of, clearly established Federal law. In State v. Mayo, the Missouri Court of Appeals denied the defendant's direct appeal claim that convictions of first-degree assault, armed criminal action, and unlawful use of a weapon constituted a violation of defendant's protected rights against double jeopardy. 829 S.W.2d 474, 475 (Mo. Ct. App. 1992). The court found that the argument lacked merit where the three offenses had different elements which were all proven. Id. Specifically, the court relied on Supreme Court precedent to hold, "[t]he state may, in a *single proceeding*, charge and convict a defendant under separate statutes for the 'same conduct' if the legislature has expressly authorized cumulative punishments under each statute." Id. (citing Missouri v. Hunter, 459 U.S. 359, 369 (1983)). "This is true even if those statutes 'may be construed to proscribe the same conduct under the *Blockburger* test.'" Id. (quoting Missouri v. Hunter, 459 U.S. at 368)).

In the case now before this Court, the Missouri Court of Appeals correctly found that Petitioner's convictions for first-degree assault and unlawful use of a weapon did not violate his right to be free from double jeopardy. (Order, Resp't's Ex. K 6) This result comports with Supreme Court precedent and is not contrary to or an unreasonable application of clearly established federal law. See Usery v. Steele, No. 4:06CV1768 UNA, 2007 WL 2767215, at *3 (E.D. Mo. Sept. 19, 2007) (finding petitioner's claims that the conviction on charges of first-

degree assault, armed criminal action, and unlawful use of a weapon did not violate his double jeopardy rights and lacked merit).

Likewise, the state court properly determined that counsel was not ineffective for failure to object and include the alleged error in the motion for a new trial. In ineffective assistance of counsel claims, courts "will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999); see also Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (where state court correctly identifies Strickland as the controlling authority, federal courts "address whether the state court unreasonably applied that precedent and whether the state court unreasonably determined the facts in light of th evidence presented.").

To establish ineffective assistance of counsel petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error. Id. at 694; Bucklew, 436 F.3d at 1016. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." Bucklew, 436 F.3d at 1016 (citation omitted). Further, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Id. (citation omitted). Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are

reviewed de novo, and state court findings of fact are presumed to be correct under 28 U.S.C. 2254(d).  Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

The undersigned agrees with the state court that trial counsel was not ineffective for failing to object to or include the double jeopardy issue in the motion for new trial.  As stated above, Petitioner's convictions for first-degree assault and unlawful use of a weapon did not constitute double jeopardy.   According to Eighth Circuit precedent, counsel is not ineffective under Strickland for failing to raise a claim for which a petitioner could not obtain relief.  See, e.g., Burton v. Dormire, 295 F.3d 839, 846 (8th Cir. 2002) (counsel not ineffective for failing to raise recantation where petitioner could not have obtained relief had counsel raised the issue); Grubbs v. Delo, 948 F.2d 1459, 1464 (8th Cir. 1991) (counsel not ineffective for failing to argue a meritless issue).

Because Petitioner is unable to show that the trial court would have upheld counsel's double jeopardy arguments, he cannot establish ineffective assistance of counsel.  The undersigned thus finds the decision of the Missouri Court of Appeals that counsel's failure to object to or include the alleged error in the motion for new trial did not result in a substantial deprivation of his right to a fair trial was neither contrary to nor an unreasonable application of Strickland.  Petitioner's second ground for habeas relief should be denied because it lacks merit.

### Ground Six

For his sixth claim, Petitioner argues that trial counsel was ineffective for failing to call Perryl Watts as a witness.  Petitioner raised this claim in his post-conviction appeal, and the Missouri appellate court found:

15

In his second and final point on appeal, Webb seeks post-conviction relief on the grounds that Counsel was ineffective for failing to call Perryl Watts as a witness . . .

"Trial counsel's decision not to call a witness is presumed to be trial strategy unless clearly shown to be otherwise." *Boyd v. State*, 86 S.W.3d 153, 160 (Mo. App. E.D. 2002). Thus, the decision not to call a witness is "virtually unchallengeable" in a post-conviction proceeding. *Id.* Moreover, in order for Webb to prevail on his claim that Counsel was ineffective for failing to call Watts as a witness, he must show that Watts's testimony would have provided Webb with a viable defense. *Williams v. State*, 168 S.W.3d 433, 441 (Mo. banc 2005).

In this case, Watts and Counsel both testified at the evidentiary hearing. Watts testified that the police induced him to give an audiotaped statement implicating Webb in the crimes with which he was convicted. Counsel testified that she had an investigator meet with Watts prior to trial. The investigator told her that while Watts had supposedly identified Webb and other people in the car for the police, Watts was now claiming that the police told him who to identify and what to say. Accordingly, Counsel planned to have Watts testify as a witness at trial. When Counsel spoke with Watts prior to calling him to testify, however, Watts "flipped" on her and denied telling the investigator that he was coerced by the police. Counsel said she tried "several times in all the ways [she] could think of and tr[ied] to get him back on track with what he had supposedly told [the investigator] and he wouldn't cooperate." Counsel decided not to call Watts as a witness because she "wasn't sure what was going to come out of the man's mouth if he got on the witness stand," and she didn't believe Watts would be a good witness.

The motion court concluded that Counsel's decision not to call Watts as a witness was "entirely reasonable." In addition, the motion [court] found that Watt's testimony "was not credible" and that his claims of police misconduct were not "worthy of belief."

We find that the motion court did not clearly err in concluding that Counsel's decision not to call Watts as a witness was a reasonable strategic choice. Additionally, Webb has failed to demonstrate that Watts testimony would have unqualifiedly support Webb. *See Whited v. State*, 196 S.W.3d 79, 83 (Mo. App. E.D. 2006) (stating that "[w]hen the testimony of the witness would not unqualifiedly support a movant, failure to call such a witness does not amount to ineffective assistance of counsel"). We defer to the motion court's finding that Watts would not have been a credible witness. *Jackson v. State*, 205 S.W.3d 282,

287 (Mo. App. E.D. 2006).  Therefore, the motion court did not clearly err in denying Webb's claim that Counsel was ineffective for failing to call Watts as a witness.

(Order, Resp't's Ex. K7-8)

The undersigned finds that the decision by the motion court and the appellate court was not contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in <u>Strickland</u>.  The record demonstrates that Petitioner's attorney had a strategic reason for not calling Watts as a witness because he denied that the police had coerced his statement.  (Mot. to Allow Filing of Supplemental R. on Appeal, Resp't's Ex. I 16-18)  Although Watts testified at the evidentiary hearing that the police had indeed coerced his statement, the motion court found, and the appellate court agreed, that Watts's testimony was not credible.

Decisions regarding witness selection are normally left to counsel's judgment, and courts do not second-guess this judgment by hindsight.  <u>Hanes v. Dormire</u>, 240 F.3d 694, 698 (8th Cir. 2001) (citations omitted).  The nature and content of Watts's potential testimony was tenuous at best.  Counsel stated that Watts originally informed the investigator for the defense that he was coerced into making the statement implicating Petitioner as the shooter.  (Mot. to Allow Filing of Supplemental R. on Appeal, Resp't's Ex. I 9-10)  However, after counsel endorsed Watts as a witness and spoke with him prior to trial, Watts denied being coerced and gave a statement consistent with what he initially told the police.  (<u>Id.</u> at 16)  Counsel testified that she was unsure what testimony Watts would provide, and she was afraid he could hurt Petitioner's case.  (<u>Id.</u> at 17-18)  Given the uncertainty and potential harm of Watts's testimony, either on direct or cross examination, the undersigned does "not believe any of the proffered testimony was so important as to put counsel's failure to . . . call [Watts] outside the wide bounds of strategic choices that

counsel is afforded." Hanes, 240 F.3d at 698. Because Petitioner is unable to demonstrate that counsel's performance was deficient, the Court need not address whether Petitioner was prejudiced. Parkus v. Bowersox, 157 F.3d 1136, 1140 (8th Cir. 1998). Therefore, Petitioner's sixth ground for habeas relief should be denied because it lacks merit.

## Ground Ten

Petitioner next argues that the trial court erred in failing to grant his motion for judgment of acquittal because the State presented insufficient evidence to support the charge of unlawful use of a weapon. Respondent contends that the prosecution presented sufficient evidence at trial to support the unlawful use of a weapon conviction. The undersigned agrees.

A federal court's review of a sufficiency of the evidence claim "is limited to determining 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Gibbs v. Kemna, 192 F.3d 1173, 1175 (8th Cir. 1999) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Here, the record indicates that there was sufficient evidence to support the conviction of unlawful use of a weapon. The Missouri Court of Appeals addressed this claim and found:

> In two separate points on appeal, the defendant contests the sufficiency of the evidence to support the convictions for first-degree assault, armed criminal action, and unlawful use of a weapon, Counts I, II, and V, respectively. Our review of a challenge to the sufficiency of the evidence to support a conviction is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. State v. Gilbert, 103 S.W.3d 743, 749 (Mo. banc 2003). In so reviewing, we view the evidence, together with all reasonable inference, in the light most favorable to the State, disregarding all evidence and inferences to the contrary. Id.

First, the defendant alleges the trial court erred in denying his motions for judgment of acquittal as to Count V, the class A felony of unlawful use of a weapon, because there was no evidence that any shots fired by him from the white Cadillac resulted in injury to Officer Knese. The defendant premises his argument on the language of the first paragraph of the verdict-directing instruction, which provided that the jury had to find the defendant "knowingly shot a firearm from a whit Cadillac, a motor vehicle . . . ." The defendant argues that the evidence at trial showed that the officer was injured from shots fired after the occupants left the Cadillac, and that there was no evidence from which the jury could have found that any shots fired from the Cadillac caused the officer's injuries.

The defendant's reliance on this language in the instruction is misplaced. In evaluating a challenge to the sufficiency of the evidence and ruling on a motion for judgment of acquittal, a trial court considers the sufficiency of the evidence to sustain the offense as charged in the indictment or information. State v. Kaiser, 139 S.W.3d 545, 554 (Mo. App. E.D. 2004). The defendant here was charged with the unlawful use of a weapon, pursuant to section 571.030.1(9), which provides as follows:

> 1. A person commits the crime of unlawful use of a weapon if he or she knowingly: . . . (9) Discharges or shoots a firearm at or from a motor vehicle, . . . , while within any city, town, or village, and discharges or shoots a firearm at any person, or at any other motor vehicle, or at any building or habitable structure, unless the person was lawfully acting in self defense.

Section 571.030.5 provides unlawful use of a weapon is a class A felony if the violation of section 571.030.1(9) results in injury or death to another person. In the indictment and then the amended information, the State charged that the defendant " . . . while within the city limits of St. Louis, knowingly shot a firearm at a motor vehicle, a marked police vehicle, and shot the firearm at Mark Kness [sic] and, as a result of the above described conduct, Mark Kness [sic] suffered injury." The additional element in the instruction was neither included in the charging document, nor necessary in this case to establish the crime of unlawful use of a weapon and, as such, the inclusion of the additional language in the verdict-directing instruction is mere surplusage.

The defendant further argues that even if the wording of the instruction is inconsequential, there still was insufficient evidence to support the conviction. The defendant does not dispute that the incident occurred in the city of St. Louis, or that shots were fired at the officers' patrol car, or that Officer Knese was injured. The defendant does, however, dispute that he fired the shots causing Officer Knese's injuries. He contends there was no credible evidence from which

the jury could find that it was he who, after leaving the Cadillac, fired shots at Officer Knese which resulted in injuries. Despite the defendant's contentions to the contrary, we find there was sufficient evidence to support the crime as charged. The evidence showed that the defendant was armed with an SKS assault rifle and began shooting at a police car from inside the white Cadillac as the officers tried to pull the Cadillac over. When the Cadillac stopped, the occupants exited the car. As they were fleeing the scene, two occupants heard gunshots that they thought were from an SKS assault rifle. When Officer Aslan exited the patrol car, a "hail of gunfire" came from his right side. During the gunfire, Office[r] Knese was hit by a bullet while sitting in the patrol car. His hand was "split in two" and his finger shot off. The patrol car then erupted in gun smoke and bullets. Officer Knese took cover on the floorboard of the patrol car, and was hit in the left leg by another bullet. The metallic copper rifle jacket, which was later removed from Officer Knese, was consistent with the type of bullet used in an SKS assault rifle. When examined, the SKS rifle contained thirteen live cartridges and sixteen spent shells. We find this to be sufficient evidence from which a reasonable juror could have found beyond a reasonable doubt that the defendant was guilty of unlawful use of a weapon, and, thus, the trial court did not err. Point two is denied.

(Order, Resp't's Ex. E 3-5)

The undersigned finds that the determination of the state court was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. Further, the state court's decision was not unreasonable in light of the evidence presented during trial. This Court may grant habeas relief only if the Missouri Court of Appeals' determination that the evidence satisfied the sufficiency of evidence standard under Jackson v. Virginia, 443 U.S. 307 (1979) was "'both incorrect *and* unreasonable.'" Garrison v. Burt, 637 F.3d 849, 855 (8th Cir. 2011) (quoting Cole v. Roper, 623 F.3d 1183, 1187 (8th Cir. 2010)). The evidence presented at trial demonstrated that Petitioner was armed with an SKS assault rifle; that he fired at Officer Knese; and that the bullet removed from Officer Knese was consistent with the SKS assault rifle. Under Jackson, after viewing the evidence in the light most favorable to the State, any rational juror could have found that Petitioner shot a firearm at Officer Knese and injured him in violation of

Mo. Rev. Stat. § 571.030.1(9), unlawful use of weapons.  Therefore, Petitioner's tenth ground for habeas relief should be denied.

## **Ground Eleven**

For his eleventh ground, Petitioner asserts that the trial court erred in precluding defense counsel from fully cross-examining a police officer regarding the exact location of all the bullet holes found in a Corsica parked in the line of fire.  The appellate court affirmed the trial court's evidentiary ruling:

> The defendant alleges the trial court abused its discretion in precluding defense counsel from fully cross-examining Officer Ragsdale about the exact location of all the bullet holes in the Chevy Corsica.  The defendant contends that evidence regarding the precise location of each bullet hole was essential to his defense that more than one suspect shot at the police officers.

> A trial court is vested with broad discretion in controlling and deciding the permissible scope of cross-examination.  We will not reverse a criminal conviction absent a clear abuse of discretion.  State v. Oates, 12 S.W.3d 307, 313 (Mo. banc 2000); State v. Taylor, 944, S.W.2d 923, 935 (Mo. banc 1997).  We find no abuse of discretion here.  To begin, we are not convinced there truly was a restriction of cross-examination.  Defense counsel apparently willingly acceded to the trial court's suggestion that the evidence be condensed.  Even if the trial court's suggestion and statement "[w]e're not going to do that" was a restriction on cross-examination, there simply is no prejudice in this case.  Defense counsel presented the same evidence, just in a more condensed form.  The defendant counters that the trial court precluded cross-examination about the exact location of all the bullet holes in the Chevy Corsica; however, defense counsel was able to cross-examine Officer Ragsdale regarding the specific location of all but five of the twenty-seven bullet holes.  As to the remaining five bullet holes, defense counsel was able to elicit testimony that those holes were on the right side of the car.  Further, the defendant was still able to fully present and argue its defense.  In closing argument, defense counsel invited the jury to look at the photos of the bullet holes in the Corsica and used the elicited testimony that the Corsica had holes on all sides to argue there were at least two people firing at the officers.  Point four is denied.

(Order, Resp't's Ex. E 8)

"A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996) (citations omitted). To make such a showing, Petitioner must demonstrate that "'the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair.'" Rousan v. Roper, 436 F.3d 951, 958-59 (8th Cir. 2006) (quoting Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995)).

Here, Petitioner has failed to show that the trial court erred in condensing Officer Ragsdale's testimony or, more importantly, that any error fatally infected his trial and deprived him of due process. To the contrary, the Missouri appellate court found, and the undersigned agrees, that the Court did allow Officer Ragsdale to testify regarding the location of the 27 bullet holes in the Chevy Corsica. Petitioner's attorney methodically asked about each hole, up to the fourteenth, and at that point, the court asked if counsel intended to go through all 27 holes. (Transcript on Appeal, Resp't's Ex. D 301-303) Counsel then explained that the location of the bullet holes was essential to the defense that there were multiple shooters. (Id. at 303-304) Then, rather than go through each hole, counsel agreed to elicit the general location (right or left side of car) as well as the specific location of holes 15 through 19 and 25 through 27. (Id. at 305-06) Further, Officer Ragsdale testified that holes 20 through 24 were located on the right side of the vehicle. (Id. at 306) Using this testimony, counsel was able to argue in closing that the Corsica had bullet hole on all sides, indicating at least two shooters. (Id. at 885) As such, Petitioner is unable to demonstrate that the trial court's suggestion that counsel combine some of the remaining bullet holes on cross-examination of Officer Ragsdale was "so egregious that they

fatally infected the proceedings and rendered his entire trial fundamentally unfair." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995). Therefore, Petitioner's eleventh ground for habeas relief should be denied.

## Ground Twelve

Petitioner alleges in his twelfth ground that the trial court erred in overruling defense counsel's objection to the prosecutor's remark during closing argument that "there was no debate with Instruction 15." Respondent contends that the prosecutor's comment was not improper and was not prejudicial to Petitioner. In addressing Petitioner's argument, the Missouri Court of Appeals found:

> The trial court is vested with broad discretion in controlling the scope of closing argument and its rulings will be cause for reversal only upon a showing of abuse of discretion resulting in prejudice to the defendant. State v. Williams, 97 S.W.3d 462, 474 (Mo. banc 2003). We find no abuse of the trial court's discretion here. The prosecutor read the entire instruction for the jury, informed the jury of the evidence to support the various elements of the instruction, and then made the complained-of remark. The prosecutor's remark can reasonably be construed as arguing that the defendant's guilt as to unlawful use of a weapon was beyond debate. Point three is denied.

(Order, Resp't's Ex. E 10)

The undersigned finds that the determination by the Missouri Court of Appeals was not contrary to, nor an unreasonable application of, Supreme Court precedent. "A prosecutor's argument violates due process if the prosecutor's remarks 'infected the trial with unfairness.'" Hall v. Luebbers, 341 F.3d 706, 716 (8th Cir. 2003) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)). Indeed, habeas relief is warranted only where "the state's 'closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial.'" Id. (quoting Sublett v. Dormire, 217 F.3d 598, 600 (8th Cir. 2000)). A

petitioner "'must show that there is a reasonable probability that the error complained of affected the outcome of the trial – i.e., that absent the alleged impropriety, the verdict probably would have been different.'" <u>Kellogg v. Skon</u>, 176 F.3d 447, 451 (8th Cir. 1999) (quoting <u>Hamilton v. Nix</u>, 809 F.2d 463, 470 (8th Cir. 1997)).   In order to determine whether remarks by the prosecution infected the trial with unfairness, this court must "'(1)  measure the type of prejudice that arose from the argument; (2) examine what defense counsel did in his argument to minimize prejudice; (3) review jury instructions to see if the jury was properly instructed; and (4) determine if there is a reasonable probability that the outcome . . . would have been different.'" <u>Id.</u> (quoting <u>Antwine v. Delo</u>, 54 F.3d 1357, 1363 (8th Cir. 1995) (citation omitted)).

In the instant case, Petitioner has failed to demonstrate that the State's remark, "there is no debate with Instruction No. 15" rendered the trial fundamentally unfair.   First, the comment was not prejudicial.  Reading the remark in the context of the prosecution's closing argument, the undersigned finds that the prosecutor was simply stating that the evidence showed that Petitioner committed the crime of unlawful use of a weapon.  (Transcript, Resp't's Ex. D 872) "A prosecutor must limit the closing argument to the evidence and the reasonable inferences that may be drawn from it."  <u>United States v. Eagle</u>, 515 F.3d 794, 805 (8th Cir. 2008).  The appellate court found, and the undersigned agrees, that the remark complained of amounted to nothing more than a statement  that the State had proven its case.

Even if the remark was improper, the trial court instructed the jury not to treat the lawyers' arguments as evidence.  (Legal File, Resp't's Ex. C 52) "The rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation

of the interests of the state and the defendant in the criminal justice process." <u>Richardson v.</u>

<u>Marsh</u>, 481 U.S. 200, 211, 107 S. Ct. 1702, 1709, 95 L. Ed. 2d 176 (1987).  Nothing in the

record indicates that the jurors did not follow the instructions given by the trial court.  In addition,

given the strength of the evidence in this case, Petitioner has failed to demonstrate that there was

a reasonable probability that the remark affected the outcome of the trial.  Therefore, the Court

finds that Petitioner's twelfth ground should be denied because it lacks merit.

## H.  Ground Thirteen

Next, Petitioner argues that the trial court erred in allowing Officer Ragsdale to speculate

that the damage to the Corsica could have come from a high powered rifle bullet entering the car

and fragmenting.  In addressing this claim, the Missouri Court of Appeals determined:

> The defendant also alleges the trial court abused its discretion when it
> overruled his objections and permitted Officer Ragsdale to testify that a high-
> powered rifle bullet could have caused damage to the headliner in the Corsica and
> also could have caused multiple bullet holes if the bullet ricocheted and
> fragmented.  The defendant claims the officer's testimony was speculative and was
> given the imprimatur of an expert, with no evidence that the officer possessed the
> education, training, and experience necessary to make these assessments.

> Even if we were to assume that the officer's testimony was speculative and
> outside the scope of his expertise, the defendant is in no position to complain.
> There can be no claim of error where the defendant has himself made note of the
> officer's experience and sought expert opinions from the same witness. On cross-
> examination, defense counsel established that the officer had thirteen years'
> experience as an evidence technician unit officer and had experience processing
> vehicles that were hit by gunfire. Defense counsel also established that the officer
> had "developed some experience and expertise, as well as some training in
> distinguishing between different types of gunfire – different types of impact and
> different types of gunfire."  Defense counsel then inquired, and accepted the
> officer's answer, that the holes in the Corsica's headliner looked like a shotgun
> blast. Having elicited such testimony, the defendant cannot be heard to complain
> when the prosecutor asks a substantially similar question on re-direct examination
> about another possible cause of the damage to the Corsica. The State, on re-direct
> examination, may properly examine a witness on any matter that tends to refute,

weaken or remove unfavorable inferences resulting from testimony on cross-examination. *See generally*, State v. Middleton, 998 S.W.2d 520, 528 (Mo. banc 1999). We find no abuse of the court's discretion in overruling the defendant's objection. Further, defense counsel, on re-cross examination, adduced testimony from the officer that his testimony regarding the ways the impact holes could have occurred was speculation. Point five is denied.

(Order, Resp't's Ex. E 9-10).

The undersigned finds that Missouri Court of Appeals' decision was reasonable. As previously stated, "[a] state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996) (citations omitted). Here, both the prosecution and the defense elicited testimony establishing Officer Ragdale's expertise as an evidence technician. (Transcript on Appeal, Resp't's Ex. D 234, 307) Further, Officer Ragsdale testified on cross-examination that the grouping of holes could have been caused by a shotgun. (Id. at 307) Officer Ragsdale also agreed on re-direct examination that the holes could have been caused by a fragmented rifle bullet. (Id. at 317-20) However, on re-cross, he acknowledged that his testimony regarding the different ways the impact holes could have occurred was speculation. (Id. at 326-27)

First, both the prosecution and the defense asked substantially similar questions about the bullet holes based on Officer Ragsdale's expertise. Defense counsel first opened the door to this line of questioning by asking whether a grouping of shotgun blasts looked like damage from a shotgun. Courts allow "the use of otherwise inadmissible evidence to clarify or rebut an issue

opened up by defense counsel on cross-examination." <u>United States v. Beason</u>, 220 F.3d 964, 968 (8th Cir. 2000) (citations omitted).

Further, even if the trial court erred in failing to sustain defense counsel's objection, Petitioner has failed to demonstrate that this error affected the outcome of the trial. Officer Ragsdale testified that his testimony regarding the type of gun that caused the holes was speculative. Counsel was able to use this testimony to support Petitioner's his defense that the damage to the Corsica was from a shotgun blast, as well as the theory that multiple shooters fired on the officers. (Transcript on Appeal, Resp't's Ex. D 883-86) The Court therefore finds that Petitioner's claim of trial court error fails.

### Ground Fourteen

For his final ground for habeas relief, Petitioner argues that the trial court erred in denying Petitioner's motion for judgment of acquittal because the State presented insufficient evidence as to counts one and three.[2] The Missouri Court of Appeals addressed this issue and found:

> The defendant also contests the sufficiency of the evidence to support the convictions on Counts I and II, first-degree assault and armed criminal action pertaining to the shooting of Officer Knese. The defendant claims the trial court erred in overruling his motions for judgment of acquittal because there was no evidence that the defendant fired the shots that caused serious physical injury to Officer Knese. The defendant argues the shots could have been fired by a second shooter.
>
> The defendant was charged with the class A felony of first-degree assault under section 565.050, and armed criminal action under section 571.015. As set

---

[2] Upon review of Petitioner's claim and the claim presented to the state appellate court, the undersigned agrees with the Respondent that Petitioner intends to reassert the sixth point raised in his appellate brief, which pertained to counts I, assault in the first degree, and II, armed criminal action. (Appellant's Statement, Brief and Argument, Resp't's Ex. A 17)

forth in the charging documents filed in this case, the State charged that the defendant "…attempted to kill or cause serious physical injury to Officer Mark Knese by shooting him and in the course thereof inflicted serious physical injury to Officer Knese." As to the armed criminal action count, the state charged that the defendant committed first degree assault "by, with and through the use, assistance and aid of a deadly weapon." In challenging the sufficiency of the evidence to support his convictions, the defendant does not dispute that Officer Knese suffered a serious injury when he was shot in the hand. Nor does he raise any argument about his use of a deadly weapon. The defendant only disputes that there was sufficient evidence that he was the one who caused the officer's injury.

In a circumstantial evidence case, however, the circumstances need not show absolute conclusions of guilt or impossibility of innocence. *See* State v. Yoksh, 989 S.W.2d 227, 233 (Mo.App. W.D. 1999). Nor must the State show that the evidence is inconsistent with any reasonable theory of innocence. *See* State v. Giles, 949 S.W.2d 163, 167 (Mo.App. W.D. 1997) *citing* State v. Grimm, 854 S.W.2d 403, 406 (Mo. banc 1993). Just because other possible hypotheses exist does not contribute reason enough to remove the case from the jury. *See* Yoksh, 989 S.W.2d at 233. This Court does not undertake to decide which of the two versions of events is of greater probative force. Nor does this court weigh the evidence, nor determine the credibility of witnesses. *See* Id. Those determinations are for the jury. In a circumstantial-evidence case, as in a direct-evidence case, we review to determine whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *See* Giles, 949 S.W.2d at 167; Grim, 854 S.W.2d at 407. Based on the evidence in this case, as set forth above, we find there was sufficient evidence from which a juror could reasonably infer and find that it was the defendant's shot which caused serious physical injury to the officer. We conclude there was sufficient evidence for a reasonable juror to find beyond a reasonable doubt that the defendant was guilty of the charged offenses of first-degree assault and armed criminal action, and, thus, the trial court did not err. Point six is denied.

(Order, Resp't's Ex. E 5-6)

The undersigned finds that the determination of the state court was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. Further, the state court's decision was not unreasonable in light of the evidence presented during trial. As stated above, a federal court's review of a sufficiency of the evidence claim "is limited to determining 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Gibbs v. Kemna, 192 F.3d 1173, 1175 (8th Cir. 1999) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).   The evidence presented at trial demonstrated that Petitioner fired an assault rifle at Officer Knese; that the patrol car was hit with heavy gunfire; that Officer Knese was shot twice resulting in serious injury; and that the bullet removed from Officer Knese was consistent with Petitioner's assault rifle.          Under Jackson, after viewing the evidence in the light most favorable to the State, any rational juror could have found that Petitioner shot a firearm at Officer Knese and inflicted serious injury to him  in violation of Mo. Rev. Stat. § 565.050, class A felony assault first degree and Mo. Rev. Stat.§ 571.015.1, armed criminal action.  "Furthermore, the law does not require that a conviction be supported by direct rather than circumstantial evidence, so long as the evidence as a whole satisfies the applicable burden of proof to support the required findings."  Johnston v. Bowersox, 119 F. Supp. 2d 971, 983 (E.D. Mo. 2000) (citations omitted). Courts accord deference in cases where a state court of appeals has found evidence supporting a conviction to be constitutionally sufficient.  Hill v. Norris, 96 F.3d 1085, 1088 (8th Cir. 1996). The Missouri Court of Appeals found sufficient evidence in the record to support the convictions of class A first-degree assault and armed criminal action, and the undersigned finds that the evidence in the record supports this finding.  Id.  Therefore, Petitioner's fourteenth claim for habeas relief should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition of Kenneth Webb for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).


_____/s/ Terry I. Adelman_____
UNITED STATES MAGISTRATE JUDGE

Dated this  28th  day of August, 2013.