UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH WEBB, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:10 CV 758 RWS |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

On August 28, 2013, United States Magistrate Judge Terry I. Adelman issued a report and recommendation in this matter recommending that Petitioner's motion for habeas relief be denied. Petitioner had until September 11, 2013 to file objections to Judge Adelman's recommendation. On September 18, 2013, I noted that Petitioner had failed to file any objections and I entered an order adopting Judge Adelman's report and recommendation and I entered a judgment denying the habeas petition. On September 26, 2013, Petitioner filed a motion to allow him extra time to file objections to my order of September 18, 2013. I construed Petitioner's motion as one for an extension of time to file objections to Judge Adelman's report and recommendation. On September 30, 2013, I granted Petitioner's motion, vacated my judgment dated September 18, 2013, and ordered Petitioner to file his

1

objections no later than November 18, 2013.

Petitioner failed to file any objections. On February 21, 2014, I noted Petitioner's failure to file any objections and once again I adopted and sustained the thorough reasoning of Judge Adelman's report and denied Petitioner's habeas petition.

More than six months later, on October 28, 2014, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b)(1) for relief from the judgment I entered on February 21, 2014. Rule 60(b)(1) states that a court may provide relief from a final judgment based on a mistake, inadvertence, surprise, or excusable neglect. Petitioner asserts that he is entitled to relief from the February 21, 2014 judgment that grounds 1, 3, 4, 5, 7, 8, and 9 of his habeas petition were procedurally defaulted.

In his present motion Petitioner acknowledges that he received my first judgment denying his habeas petition issued on September 18, 2013 and my order dated September 30, 2013 reopening the case which gave him a deadline of November 18, 2013 to file objections to Judge Adelman's report and recommendation. Petitioner asserts for the first time in his present motion that that he never got a copy of the report and recommendation. Petitioner failed to raise this issue after I issued my orders of September 18, 2013 and September 30, 2013 (he did not raise this issue in the motion for an extension of time that he filed on September

2

26, 2013). Nor did Petitioner elect to file any response to my order of September 30, 2013 which reopened his case. I delayed entering a final judgment an additional three months after the objection deadline of November 18, 2013 to give Petitioner the opportunity to file objections. During that three month period, Petitioner failed to file any objections or otherwise notify the Court that he did not get a copy of Judge Adelman's report and recommendation.

On February 21, 2014, based on Petitioner's failure to file any response, I issued my second judgment denying Petitioner's request for habeas relief. In his present motion Petitioner does not claim that he did not receive a timely copy of that judgment. Instead, he waited eight months to file the present motion for relief under Rule 60(b)(1).

I find that Petitioner is not entitled to relief under 60(b)(1). Petitioner fails to identify any mistake, inadvertence, surprise, or excusable neglect which would be grounds for setting aside the judgment entered on February 21, 2014. At the time Petitioner received my orders dated September 18, 2013, September 30, 2013, and February 21, 2014, Petitioner was fully aware of his claim that he never received Judge Adelman's report and recommendation.[1] Petitioner fails to offer any reason he failed to timely assert this claim at the time I was giving him an additional opportunity to file objections to that report and recommendation. As a result, I will

---
1. Petitioner asserts in is motion that he ultimately was able to view Judge Adelman's report and recommendation electronically.

deny Petitioner motion for relief under Rule 60(b)(1).

Moreover, Petitioner bases his claim for relief for the procedural default of grounds 1, 3, 4, 5, 7, and 8 on the United States Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012). That decision, as extended by Trevin v. Thaler, 133 S. Ct. 1911 (2013), stands for the proposition that "a federal habeas court may excuse a procedural default of a substantial ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." Sasser v. Hobbs, 745 F.3d 896, 897 (8th Cir. 2014). Martinez does not apply, however, to appeals from initial review post-conviction proceedings. Arnold v. Dormire, 675 E.3d 1082, 1087 (8th Cir. 2012).

Petitioner failed to present grounds 1, 3, 4, 5, 7, and 8 in the state court post-conviction appellate proceedings. These claims were defaulted for that reason. Martinez does not apply to Petitioner's post-conviction appellate grounds for default. As a result, Petitioner is not entitled to relief on these grounds based on Martinez for the reasons stated in Judge Adelman's report and recommendation.

Petitioner also defaulted on his ground 9 for relief. Petitioner's ground 9 for relief also does not involve a Martinez claim. In ground 9 Petitioner asserted that the trial court erred in sentencing him on counts I and V, class A first-degree assault and unlawful use of a weapon, because the charges violated his right to be free from

4

double jeopardy. This claim was defaulted because, although Petitioner raised a double jeopardy claim on direct appeal, the Missouri Court of Appeals declined to review it due to Petitioner's failure to raise the double jeopardy issue at trial or in the motion for new trial.

Federal courts will not review a state court decision on a question of federal law where the decision rests on an independent state ground and adequately supports the judgment, regardless of whether the state law ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 729. "'The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.'" Collier v. Norris, 485 F.3d 415, 425 (8th Cir. 2007) (quoting Coleman, 501 U.S. at 729-30)).

Because Petitioner's ground 9 was defaulted pursuant to an independent and adequate state procedural rule, it is not a cognizable ground for relief in this federal habeas proceeding.

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Kenneth Webb's motion for relief from final judgment under Rule 60(b)(1) [20] is **DENIED**.

<br>

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2015.